Filed 12/31/25  P. v. Boyer CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM BRIAN BOYER,<br><br>    Defendant and Appellant. | E086148<br><br>(Super.Ct.No. PARS2500381)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Laurie Burns, Judge.
Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

A court found that defendant and appellant William Brian Boyer violated the terms
and conditions of his parole and sentenced him to 180 days in jail.

1

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738,[1] setting forth a statement of the facts, a statement of the case, and identifying two potentially arguable issues:  (1) whether the court erred in denying defendant's motion that the People had not established that his parole violations occurred within Riverside County; and (2) whether the court adequately considered and rejected intermediate or remedial sanctions for appropriate reasons and sufficiently explained those reasons on the record.

We offered defendant the opportunity to file a personal supplemental brief, which he has not done.  We affirm.

---

[1]  In *People v. Freeman* (2021) 61 Cal.App.5th 126, the court held that *Wende* and *Anders* procedures do not apply to "an order revoking and reinstating [post release community supervision.]"  (*Id.* at p. 133.)  In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court subsequently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a Penal Code section 1172.6 postjudgment petition.  (*Delgadillo*, at pp. 224-226.)

Regardless of whether *Wende* and *Anders* procedures apply to orders revoking a defendant's parole, we exercise our discretion to independently review the record here for error.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"]; *People v. Pittman* (2024) 99 Cal.App.5th 1252, 1254, fn. 1 [exercising discretion to independently review postconviction order]; *People v. Griffin* (2022) 85 Cal.App.5th 329, 335-336 ["we find the interests of justice call for an independent review of the record as an additional layer of protection from the risk of a defendant remaining unlawfully incarcerated because of a failure to discover a meritorious issue in his or her appeal"].)  Here, appellate counsel's filing of a *Wende* brief may have misled defendant into believing that regardless of whether he filed a supplemental brief, this court would independently review the case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2016, defendant was convicted of indecent exposure. (Pen. Code, § 314, subd. (1).)[2] On February 2, 2017, defendant was again convicted of indecent exposure. (§ 314, subd. (1)). As a result of his convictions, defendant was required to register as a sex offender. (§ 290, subd. (c).) Defendant is considered a high-risk sex offender.

On July 31, 2023, defendant was convicted of battery by gassing a peace officer. (§ 243.9, subd. (a).) The court sentenced defendant to two years in prison.

On October 5, 2024, defendant was released to parole supervision; however, due to mental health issues, defendant was remanded to the Department of State Hospitals (DSH). On December 12, 2025, defendant was conditionally released from DSH and picked up by parole agents at the Chino Institute for Men.

On February 12, 2025, defendant signed special conditions for parole, which included a requirement that he "participate in continuous electronic monitoring." Another condition required that he "report to your parole agent on the first working day following your release."

On March 12, 2025, defendant was arrested for absconding parole supervision. The court revoked his parole and sentenced him to 180 days in jail.[3] Defendant was

---

[2] All further statutory references are to the Penal Code.

[3] One declaration reflects that the court sentenced defendant to 90 days in jail, while another reflects the court sentenced him to 180 days in jail.

released on March 24, 2025, after serving 12 days. Defendant was instructed to report to parole on the first working day following his release. He failed to do so.

On March 26, 2025, a parole agent requested, and the court issued, a no bail warrant for defendant's arrest. Officers arrested defendant on the warrant on April 11, 2025.

On April 16, 2025, personnel from the Riverside parole unit filed a petition for revocation of defendant's parole. The parole agent reported that, "All remedial sanctions . . . have been considered however, they are not appropriate at this time. . . ." Defendant denied he violated his parole.

At the hearing on May 16, 2025, a parole agent testified that defendant was assigned to his caseload. On February 12, 2025, the parole agent went over the conditions of parole with defendant. One of defendant's parole terms required that he wear a GPS monitor. They affixed a GPS monitor to defendant.

Another term required that defendant report to his parole agent the first working day following his release. Yet another required that he not violate any law. Defendant was required by law to register as a sex offender. Defendant indicated he understood the terms both verbally and by signing the terms and conditions.

Defendant failed to report to his parole agent as required when he was released in March. When officers arrested defendant, he was not wearing his GPS device. Defendant failed to register as a sex offender.

4

The parole agent considered intermediate sanctions; however, because defendant failed to register as a sex offender, there was a mandatory referral for revocation of parole.[4] He had previously offered defendant an intermediate sanctions program; however, defendant left the program.

Defendant's counsel argued in part that the parole agent did not "appropriately review[] or seriously consider[] intermediate sanctions, and preferred instead to sanction [defendant] with the maximum penalty." The People responded that the parole agent "did testify that intermediate sanctions were not appropriate in this case due to the fact that under Penal Code 3010.10, that does require mandatory revocation."

Defense counsel added, "I don't think it was ever established that this happened in the county of Riverside." The People responded, "there was testimony that the defendant was booked in a facility that was about four to five miles from the parole agent's location. I would just ask the Court to take notice that that is within the county of Riverside."

The court noted, "I don't believe territorial jurisdiction applies to parole revocations. It would have to be that way, for example, if there's a term that the parolee is to violate no other laws, he wouldn't be able to go outside of the county and violate the law and then escape the allegation of revocation." "I do think, even if it were required,

---

[4] "Unless the parole authority finds that in the interests of justice it is not appropriate in a particular case," upon a violation of the requirement that a parolee have a GPS device affixed to his person, "the parole authority shall revoke the person's parole and require that he or she be incarcerated in a county jail for 180 days." (§ 3010.10, subds. (a) & (d).) Upon a violation of the requirement that a sex offender not remove a GPS device, "the parole authority shall revoke the person's parole and require that he or she be incarcerated in a county jail for 180 days." (§ 3010.10, subds. (b) & (e).)

that would be satisfied.  Because, for example, he's required to report to the county, to the agent's office, and he failed to do that.  So that omission did occur within the county."

The court ruled that defendant violated the terms and conditions of his parole by failing to report, by engaging in criminal conduct by failing to register as a sex offender, by not having a GPS monitor, and by failing to register as a sex offender.  The court sentenced defendant to 180 days in jail.

## II.  DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P. J.

We concur:

FIELDS_____
J.

MENETREZ_____
J.

6